Hon. Brian D. Lynch
Hearing date: February 12, 2014
Hearing time: 9:00 a.m.
Response date: February 5, 2014
Chapter 7
Location: Tacoma

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>GARY and KRISTIE CREEGER,<br><br>Debtors. | No. 13-47160<br><br>MOTION TO COMPEL TURNOVER OF ESTATE PROPERTY |

Kathryn A. Ellis, the duly appointed, qualified and acting Trustee of the estate of Gary and Kristie Creeger, moves the Court pursuant to 11 U.S.C. §§ 105 (a), 362 (a)(3), 521 (3) and (4), 542 (a), and 704 (1), and Fed. R. Bankr P. 7001 (1), 9013, to compel the debtors to turnover and surrender the non-exemptible funds in the debtors' financial accounts for administration in this Chapter 7 case.

In support thereof the Trustee represents as follows:

1.  <u>Facts</u>

The debtors filed the present Chapter 7 Bankruptcy Petition on November 19, 2013. The debtors listed their interest in three bank accounts. The debtors listed the aggregate value of such bank accounts as $3,400. In actuality, the aggregate value of the debtors' bank accounts was $4,003.46. See Declaration of Christopher G. Williams submitted herewith. The debtors claimed an exemption in the bank accounts pursuant to RCW 6.15.010 (1)(c)(ii) in the amount of $1,780.00, notwithstanding that statue's specific limit of $500.00 in such assets. The Trustee timely filed an objection to the debtors' exemptions for this reason (Docket No. 9). The debtors

**MOTION TO COMPEL TURNOVER OF ESTATE PROPERTY - 1**

KATHRYN A. ELLIS, ESQ.
600 Stewart St
Suite 1300
Seattle, WA 98101
(206) 682-5002

should be ordered to turnover the non-exemptible value of the bank accounts in the amount of $3,503.46.

2. Turnover is Required

11 U.S.C. § 542 (a) of Bankruptcy Code requires any entity in possession of estate property that the Trustee may use, sell or lease, to deliver to the Trustee and account for such property, or the value of such property. *U.S. v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309 (1983). The turnover statute is intended to be self-executing. A party must turnover property to the Trustee regardless of whether demand is made. 11 U.S.C. § 521 (a)(4) requires a debtor to provide all property of the estate, and any records regarding the same, to the Trustee. Here, the Trustee requested turnover of the non-exemptible bank accounts on December 26, 2013 and January 9, 2014.

**Summary**

Based on the foregoing, the Trustee respectfully requests the Court to enter an order compelling the debtors to turnover the non-exemptible funds in the debtors' financial accounts, or enter a judgment against them for the same.

DATED this 21st day of January, 2014.

/s/ Kathryn A. Ellis
Kathryn A. Ellis, Trustee

C:\Shared\KAE\Dox\TRUSTEE\Creeger\turnover_mot.wpd

**MOTION TO COMPEL TURNOVER OF ESTATE PROPERTY - 2**

KATHRYN A. ELLIS, ESQ.
600 Stewart St
Suite 1300
Seattle, WA 98101
(206) 682-5002

Case 13-47160-BDL    Doc 10    Filed 01/21/14    Ent. 01/21/14 14:05:34    Pg. 2 of 2